**ALSTON & BIRD LLP**
*Counsel for Hutton Ventures LLC*
Gerard S. Catalanello
James J. Vincequerra
90 Park Avenue
New York, New York 10016
Telephone: 212-210-9400
Fax: 212-210-9444

-and-

**MORRISON COHEN LLP**
*Counsel for the Taly USA Holdings, Inc. and SLL USA Holdings LLC*
Joseph T. Moldovan
Robert K. Dakis
909 Third Avenue
New York, NY 10022
Telephone:  212-735-8603
Facsimile:   917- 522-3103

UNITED STATES BANKRTUPCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| NATIONAL EVENTS HOLDINGS, LLC, *et al.*,[1] | Case No. 17-11556 (JLG) |
| Debtors. | (Jointly Administered) |

-------------------------------------------------------------x

**JOINT OPPOSITION OF HUTTON VENTURES LLC, TALY USA HOLDINGS INC., AND SLL USA HOLDINGS, LLC, TO DEBTORS' MOTION FOR AN ORDER PURSUANT TO FEDERAL BANKRTUPCY RULE 9019 AUTHORIZING AND APPROVING SETTLEMETNS OF TICKET CLAIMS**

Hutton Ventures LLC ("**Hutton**"), Taly USA Holdings Inc. ("**Taly**") and SLL USA Holdings, LLC ("**SLL**," together with Taly and Hutton, the "**Opposing Creditors**"), hereby file this joint opposition (the "**Opposition**") to the Motion for an Order Pursuant to Federal

---

[1] The last four numbers of each debtor's taxpayer identification number are National Events Holdings, LLC (7314); National Events Intermediate, LLC (0566); National Event Company II, LLC (6663); National Event Company III, LLC (7592); and World Events Group II, LLC (9429). The Debtors' address is 1430 Broadway, 7th Floor, New York, New York 10018.

{N3396408.2}

Bankruptcy Rule 9019 Authorizing and Approving Settlements of Ticket Claims (the "**9019 Motion**")[2] [Doc. No. 53] filed by the above-captioned debtors (the "**Debtors**") pursuant to Title 11 of the United States Code (the "**Bankruptcy Code**"), and in connection therewith, respectfully represent as follows:

## RELEVANT BACKGROUND

1. On June 5, 2017 (the "**Petition Date**"), each of the Debtors National Events Holdings, LLC, National Events Intermediate, LLC, National Event Company II, LLC, National Event Company III, LLC, and World Events Group II, LLC filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to manage their respective properties as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108, although they have no material ongoing operations other than liquidating their remaining tangible assets.

2. Prior to the Petition Date, the Debtors operated as a ticket broker and wholesaler. As a part of Debtors' ongoing business operations, the Debtors would acquire tickets to a variety of events with the goal of reselling these tickets at a premium.

3. According to the 9019 Motion and other pleadings filed by the Debtors in these cases, the Debtors relied on third-party buyers to acquire US Open tickets at face value and reimbursed these buyers for the cost of these tickets and, *as part of some unwritten understanding*, pay these buyers "additional compensation" which has been referred to as "**Over Payments.**"

4. As the Debtors have explained in prior hearings held before this Court, a significant portion of the Debtors' remaining ticket assets are the 2017 US Open tickets.

---

[2]   Capitalized terms not defined herein shall have the meanings ascribed to them in the 9019 Motion.

- 2 -

5.      The 9019 Motion seeks approval of settlements resolving issues between the Debtors, on the one hand, and four (4) ticket buyers, on the other (the "**Buyers**") with respect to 768 Open Tickets (the "**Open Tickets**") and related Over Payments (the "**Open Ticket Settlements**"). In particular, the Open Ticket Settlements provide, among other things, that (1) the Buyers shall pay the "Face Value Amount" of the Open Tickets - $241,190 - to the Debtors; (2) the Buyers will keep the Open Tickets and be permitted to resell them without any further payments or compensation to the Debtors; and (3) the Debtors and the Buyers will mutually release one another with regard to the Open Tickets, Over Payments, proceeds from sales and any other matter related to the foregoing.

6.      FMP Agency Services, LLC and Falcon Strategic Partners IV, LP (collectively, "**Falcon**") alleges to have a perfected security interest in the Open Tickets and any proceeds therefrom, and has filed a pleading in support of the 9019 Motion and demanding that the Debtors "immediately transfer" to Falcon the proceeds of the Open Ticket Settlements.

## OPPOSITION TO THE 9019 MOTION

7.      The 9019 Motion should be denied for a number of reasons.

8.      First, there is simply no way to confirm at this early stage whether the Open Tickets belong to the Debtors or to the two non-debtor entities -- National Events of America, Inc. ("**NEA**") and New World Events Group, Inc. ("**NWG**").

9.      As the Court is well aware, these cases will necessarily involve the untangling of a massive fraud orchestrated prior to the Petition Date by Jason Nissen ("**Nissen**"). As part of that process, an independent investigation must include, among other things, identifying the various transfer of payments and other assets between and among Nissen, the Debtors and the two (2) non-debtors. As the Court is also aware, prior to the Petition Date Justice O. Peter

- 3 -

Sherwood of the New York State Supreme Court appointing Edward LoBello, Esq. as the receiver (the "**Receiver**") of the Debtors, NEA and NWG, and in connection therewith, granted the Receiver broad rights and powers over all of these entities and their assets. The Receiver has recently begun his investigation, but it is far from being concluded.

10. While the Opposing Creditors recognize that it is impractical to delay liquidation of the Open Tickets until the completion of any such investigation given the complexity of the issues involved and the impending dates for the US Open, the Debtors should likewise not be given *carte blanche* authority over how and when to liquidate these valuable assets on such a shortened time frame, particularly when there is no certainty today as to whether the Debtors or the non-debtor receivership entities own these tickets. Instead, the Court should require that the Debtors, the Receiver, Hutton, Taly and Falcon attempt to reach a consensus on how to proceed before consideration of the 9019 Motion or any other motion unilaterally filed by the Debtors to seek to dispose of the Open Tickets. Input from all interested parties is necessary and just under these circumstances.

11. Second, the 9019 Motion does not provide any information to enable the Court and other parties in interest to conclude that a sale of the Open Tickets to the Buyers at the Face Value Amount is a fair and reasonable transaction for disposing of these tickets at this time – *nearly two months before the 1st volley takes place at the US Open.* Indeed, the 9019 Motion is silent as to any particulars surrounding the Open Tickets, such as the dates and sessions that are involved; seat locations; parking passes, included or not; ground passes, included or not; club passes, included or not; and any other perks or benefits afforded with purchasing these tickets.

12. When questioned regarding the absence of any such details of the US Open Tickets, Debtors' counsel did provide a spreadsheet to undersigned counsel identifying the

tickets in question and providing some additional information. However, no explanation was provided as to why this detail was not originally included in the 9019 Motion. Nor can the Opposing Creditors find any comfort in the accuracy of this detail since it is seemingly comes from information provided to the Debtors by the Buyers (who supposedly have physical control over these tickets) – the same parties who are now looking to pay the Face Value Amount and resell the tickets in the market place for a presumable profit. Clearly, this is not an independent method of confirming the details of such an important asset.

13. Further, even if the detail of the US Open Tickets that was recently provided to the Opposing Creditors can be independently verified, the 9019 Motion does not make any effort to explain why the Debtors should not attempt to sell these tickets in the market place, including as part of some expedited auction process. In this regard, the Opposing Creditors conducted a simple internet search of another ticket brokerage company for the prices of tickets in the same sections and for the same dates and with the same passes as the Open Tickets and learned that the prices, at the lower end of the scale, for all of these tickets would be approximately $420,000, taking into account a 10% loss for costs included and tickets that would not otherwise be sold. This is substantially higher than the $241,190 that the Debtors stand to receive from the Buyers.

14. The Debtors do not even make any effort to explain what efforts, if any, they made to confirm the reasonableness of the sale of the Open Tickets to the Buyers at the Face Value Amount. Instead, the Debtors simply make a few short remarks about generating liquidity, no assurance of making any profit and avoiding litigation with the Buyers (*See* para. 21, 9019 Motion). None of these remarks satisfy even the rather low threshold required by Rule 9019.

15. Indeed, since it is undisputed that the Buyers have been paid for the Open Tickets with funds from either the Debtors, NEA or NWG, there is no question that the Buyers should be

immediately compelled to turn over the Open Tickets to the Debtors and any claim that the Buyers have would be treated as part of the ongoing claims process in this Court.

16. Last, any efforts by Falcon to obtain control over any of its alleged "collateral" including the proceeds of sales of the Open Tickets, should not be permitted by the Court at this juncture of these cases. The Opposing Creditors' position with regard to Falcon has been made clear in the prior Joint Opposition to Falcon's Stay Relief Motion [Docket No. 35], and it is respectfully submitted that nothing has changed since the filing of that pleading that should result in any such relief being afforded to Falcon at this time. Simply put, the ultimate proceeds of the sale of the Open Tickets should be held in escrow pending further order of this Court.

17. For these reasons, the Opposing Creditors respectfully submit that the 9019 Motion should be denied.

DATED:  June 28, 2017               **ALSTON & BIRD LLP**

/s/ Gerard S.Catalanello
Gerard S. Catalanello
James J. Vincequerra
90 Park Avenue
New York, New York 10016
Telephone: 212-210-9400
Fax: 212-210-9444

*Counsel for Hutton Ventures LLC*

-and-

**MORRISON COHEN LLP**

/s/ Robert Dakis
Joseph T. Moldovan
Robert K. Dakis
909 Third Avenue
New York, NY 10022
Telephone:  (212) 735-8603
Facsimile:  (917) 522-3103

*Attorneys for the Taly USA Holdings, Inc.
and SLL USA Holdings LLC*