UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                  Chapter 11

NATIONAL EVENTS HOLDINGS, LLC,          Case No. 17-11556 (JLG)
*et al.,*
                                                                  (Jointly administered)

        Debtors.
------------------------------------------------------------x

### ORDER PURSUANT TO FEDERAL BANKRUPTCY RULE 9019 AUTHORIZING AND APPROVING SETTLEMENTS OF TICKET CLAIMS

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession, by its attorneys, for an order pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, authorizing and approving a settlement of disputes between the Debtors and each of (A) Ivor Jacobson, (B) Robert Greer, (C) Alpha Packaging Industries, and (D) Kevin Beauregard, upon the terms set forth in the Motion and the Stipulations of Settlement (the "Stipulations") between the parties, attached as Exhibit B-1 through B-4 to the Motion; and it appearing that due and sufficient notice and timely service of the Motion has been given and no other or further notice need be provided; and upon the record of the hearing held by the Court on the Motion on June 29, 2017 **(the "Hearing") (JLG)**; and due deliberation having been had; and sufficient cause appearing therefor; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate and all parties-in-interest, it is hereby

**ORDERED**, that **for the reasons set forth on the record of the Hearing,** the Motion is granted **to the extent set forth herein**; and it is further **[JLG]**

**ORDERED**, that, upon receipt of any proceeds of the Open Tickets (as defined in the Motion) in accordance with the Stipulations, the Debtors shall immediately transfer such

proceeds to FMP Agency Services, LLC ("FMP"), to be applied in accordance with the Purchase Agreement, dated as of July 6, 2015 (as amended as of August 20, 2015, November 23, 2015, January 13, 2016, April 11, 2017, and June 5, 2017), among the Debtors, FMP, Falcon Strategic Partners IV, LP ("Falcon"), and Jason Nissen; provided, however, that such proceeds shall be held by FMP or Falcon in a segregated manner until September 20, 2017, or as otherwise ordered by the Court; and it is further

**ORDERED,** that the Stipulations to be entered into by and between the Debtors and each of (A) Ivor Jacobson, (B) Robert Greer, (C) Alpha Packaging Industries, and (D) Kevin Beauregard, in the forms annexed hereto as Exhibits B-1 through B-4 are hereby approved; and it is further

**ORDERED**, that the Debtors are authorized to do such things and take such actions as necessary to effectuate the terms of this Order.

Dated:  New York, New York
        July 6, 2017

/s/ *James L. Garrity, Jr.*
UNITED STATES BANKRUPTCY JUDGE

HERRICK, FEINSTEIN LLP
*Proposed Attorneys for the Debtors and Debtors
in Possession*
Stephen B. Selbst
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
sselbst@herrick.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                    Chapter 11

NATIONAL EVENTS HOLDINGS, LLC,       Case No. 17-11556 (JLG)
*et al.,*
                                                                              (Jointly administered)
                    Debtors.
----------------------------------------------------------x

## STIPULATION OF SETTLEMENT BETWEEN
## THE DEBTORS AND IVOR JACOBSON

WHEREAS, Ivor Jacobson (the "Buyer") has purchased 336 tickets to the 2017 US Open Tennis Championship (the "Open Tickets"), for which the Buyer has paid $99,140 (the "Face Value Amount"); and

WHEREAS, the Buyer purchased such Open Tickets based upon an agreement under which (A) the Debtors would reimburse the Buyer for the Face Value Amount and (B) provide the Buyer with an additional cash payment in the amount of approximately $40,000 (the "Over Payment"); and

WHEREAS, the alleged agreement by the above-captioned debtors and debtors-in-possession (the "Debtors") to make the Over Payment to the Buyer is not evidenced by a written agreement; and

WHEREAS, the Buyer is unwilling to deliver the Open Tickets to the Debtors unless he receives the Over Payment; and

WHEREAS, the Debtors do not believe it is advisable or in the best interests of their estates to make the Over Payment; and

WHEREAS, the Buyer has located a third party who is willing to reimburse the Buyer for the Face Value Amount and make the Over Payment to the Buyer; and

WHEREAS, the Debtors and the Buyer are willing to compromise and settle their respective rights to the Open Tickets on the following terms and conditions:

1. Upon approval of this Stipulation, the Buyer shall pay the Debtors, by wire transfer of immediately available funds, the sum of $99,100. The Debtors shall have no responsibility for making the Over Payment to the Buyer.

2. Effective upon receipt of payment of the sum of $99,100, the Debtors waive any and all claims they have, may have or could have asserted with respect to the Open Tickets, the sale of such Open Tickets, or the proceeds thereof.

3. The Buyer hereby releases, remises, and forever discharges (a) the Debtors and their estates, and (b) all of the Debtors' attorneys, professionals and agents from any and all claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty

2

or otherwise (including attorneys' fees, costs or disbursements) known or unknown, now existing or arising out of or in any way related to the Over Payment or the Open Tickets.

4. The Debtors hereby release, remise, and forever discharge (a) the Buyer, and (b) all of the Buyer's attorneys, professionals and agents from any and all claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements) known or unknown, now existing or arising out of or in any way related to the Over Payment or the Open Tickets; provided, however, that the Buyer is not released from the obligation to make the payment to the Debtors set forth in Paragraph 1 of this Stipulation.

5. This Stipulation constitutes an agreement between the parties immediately upon its execution and at all times thereafter. Accordingly, each party agrees that, following its execution of this Stipulation, it shall do nothing contrary to the terms of this Stipulation.

6. This Stipulation contains all of the terms and conditions agreed upon by the parties hereto with reference to the subject matter resolved by this Stipulation.

7. Each party represents that it has had an opportunity to fully review the provisions of this Stipulation with attorneys of its own choice. Any rule of law that would require interpretation of any ambiguities in this Stipulation against the party who drafted it is of no application, and is hereby expressly waived.

8. No term of this Stipulation may be amended, modified, changed or waived except by an instrument signed by the parties.

9. This Stipulation may be signed in counterparts and facsimile copies of such counterparts shall be binding upon the Parties as if they were originals.

**IN WITNESS WHEREOF** the parties hereto have caused this Stipulation to be executed as of _____, 2017.

                        NATIONAL EVENTS HOLDINGS, LLC
                        NATIONAL EVENTS INTERMEDIATE, LLC
                        NATIONAL EVENTS COMPANY II, LLC
                        NATIONAL EVENTS COMPANY III, LLC
                        WORLD EVENTS GROUP II, LLC


By:_____
     Timothy Puopolo
     Chief Restructuring Officer


     _____
     Ivor Jacobson

HERRICK, FEINSTEIN LLP
*Proposed Attorneys for the Debtors and Debtors
in Possession*
Stephen B. Selbst
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
sselbst@herrick.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                          Chapter 11

NATIONAL EVENTS HOLDINGS, LLC,                  Case No. 17-11556 (JLG)
*et al.,*
                                                                                (Jointly administered)
                    Debtors.
----------------------------------------------------------x

## STIPULATION OF SETTLEMENT BETWEEN
## THE DEBTORS AND BOB GREER

WHEREAS, Robert Greer (the "Buyer") has purchased 144 tickets to the 2017 US Open Tennis Championship (the "Open Tickets"), for which the Buyer has paid $33,250 (the "Face Value Amount"); and

WHEREAS, the Buyer purchased such Open Tickets based upon an agreement under which (A) the Debtors would reimburse the Buyer for the Face Value Amount and (B) provide the Buyer with an additional cash payment in the amount of approximately $6,870 (the "Over Payment"); and

WHEREAS, the alleged agreement by the above-captioned debtors and debtors-in-possession (the "Debtors") to make the Over Payment to the Buyer is not evidenced by a written agreement; and

WHEREAS, the Buyer is unwilling to deliver the Open Tickets to the Debtors unless he receives the Over Payment; and

WHEREAS, the Debtors do not believe it is advisable or in the best interests of their estates to make the Over Payment; and

WHEREAS, the Buyer is prepared to pay the Face Value Amount to the Debtors and retain the Open Tickets; and

WHEREAS, the Debtors and the Buyer are willing to compromise and settle their respective rights to the Open Tickets on the following terms and conditions:

1. Upon approval of this Stipulation, the Buyer shall pay the Debtors, by wire transfer of immediately available funds, the sum of $33,250. The Debtors shall have no responsibility for making the Over Payment to the Buyer.

2. Effective upon receipt of payment of the sum of $33,250, the Debtors waive any and all claims they have, may have or could have asserted with respect to the Open Tickets, the sale of such Open Tickets, or the proceeds thereof.

3. The Buyer hereby releases, remises, and forever discharges (a) the Debtors and their estates, and (b) all of the Debtors' attorneys, professionals and agents from any and all claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty

2

or otherwise (including attorneys' fees, costs or disbursements) known or unknown, now existing or arising out of or in any way related to the Over Payment or the Open Tickets.

4. The Debtors hereby release, remise, and forever discharge (a) the Buyer, and (b) all of the Buyer's attorneys, professionals and agents from any and all claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements) known or unknown, now existing or arising out of or in any way related to the Over Payment or the Open Tickets; provided, however, that the Buyer is not released from the obligation to make the payment to the Debtors set forth in Paragraph 1 of this Stipulation.

5. This Stipulation constitutes an agreement between the parties immediately upon its execution and at all times thereafter. Accordingly, each party agrees that, following its execution of this Stipulation, it shall do nothing contrary to the terms of this Stipulation.

6. This Stipulation contains all of the terms and conditions agreed upon by the parties hereto with reference to the subject matter resolved by this Stipulation.

7. Each party represents that it has had an opportunity to fully review the provisions of this Stipulation with attorneys of its own choice. Any rule of law that would require interpretation of any ambiguities in this Stipulation against the party who drafted it is of no application, and is hereby expressly waived.

8. No term of this Stipulation may be amended, modified, changed or waived except by an instrument signed by the parties.

9. This Stipulation may be signed in counterparts and facsimile copies of such counterparts shall be binding upon the Parties as if they were originals.

**IN WITNESS WHEREOF** the parties hereto have caused this Stipulation to be executed as of _____, 2017.

                            NATIONAL EVENTS HOLDINGS, LLC
                            NATIONAL EVENTS INTERMEDIATE, LLC
                            NATIONAL EVENTS COMPANY II, LLC
                            NATIONAL EVENTS COMPANY III, LLC
                            WORLD EVENTS GROUP II, LLC

                            By:_____
                                Timothy Puopolo
                                Chief Restructuring Officer


                            _____

                            Robert   Greer

HERRICK, FEINSTEIN LLP
*Proposed Attorneys for the Debtors and Debtors
in Possession*
Stephen B. Selbst
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
sselbst@herrick.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                    Chapter 11

NATIONAL EVENTS HOLDINGS, LLC,                Case No. 17-11556 (JLG)
*et al.,*
                                                                         (Jointly administered)
                    Debtors.
---------------------------------------------------------x

## STIPULATION OF SETTLEMENT BETWEEN
## THE DEBTORS AND ALPHA PACKAGING INDUSTRIES

WHEREAS, Alpha Packaging Industries (the "Buyer") has purchased 144 tickets to the 2017 US Open Tennis Championship (the "Open Tickets") and 24 parking passes, for which the Buyer has paid $88,800 (the "Face Value Amount"); and

WHEREAS, the Buyer purchased such Open Tickets and parking passes based upon an agreement under which (A) the Debtors would reimburse the Buyer for the Face Value Amount and (B) provide the Buyer with select tickets at Louis Armstrong Stadium; and

WHEREAS, the alleged agreement by the above-captioned debtors and debtors-in-possession (the "Debtors") is not evidenced by a written agreement; and

WHEREAS, the Buyer is prepared to pay the Face Value Amount to the Debtors and retain the Open Tickets and the parking passes; and

WHEREAS, the Debtors and the Buyer are willing to compromise and settle their respective rights to the Open Tickets and parking passes on the following terms and conditions:

1. Upon approval of this Stipulation, and the entry of a final non-appealable order, the Buyer shall pay the Debtors the sum of $88,800. The Debtors shall have no responsibility for delivery of any tickets.

2. Effective upon receipt of payment of the sum of $88,800, the Debtors waive any and all claims they have, may have or could have asserted with respect to the Open Tickets and parking passes, the sale of such Open Tickets and parking passes, or the proceeds thereof.

3. The Buyer hereby releases, remises, and forever discharges (a) the Debtors and their estates, and (b) all of the Debtors' attorneys, professionals and agents from any and all claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements) known or unknown, now existing or arising out of or in any way related to the Open Tickets and parking passes.

4. The Debtors hereby release, remise, and forever discharge (a) the Buyer, and (b) all of the Buyer's attorneys, professionals and agents from any and all claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants,

or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements) known or unknown, now existing or arising out of or in any way related to the Open Tickets and parking passes; provided, however, that the Buyer is not released from the obligation to make the payment to the Debtors set forth in Paragraph 1 of this Stipulation.

5. This Stipulation constitutes an agreement between the parties immediately upon its execution and at all times thereafter. Accordingly, each party agrees that, following its execution of this Stipulation, it shall do nothing contrary to the terms of this Stipulation.

6. This Stipulation contains all of the terms and conditions agreed upon by the parties hereto with reference to the subject matter resolved by this Stipulation.

7. Each party represents that it has had an opportunity to fully review the provisions of this Stipulation with attorneys of its own choice. Any rule of law that would require interpretation of any ambiguities in this Stipulation against the party who drafted it is of no application, and is hereby expressly waived.

8. No term of this Stipulation may be amended, modified, changed or waived except by an instrument signed by the parties.

9. This Stipulation may be signed in counterparts and facsimile copies of such counterparts shall be binding upon the Parties as if they were originals.

**IN WITNESS WHEREOF** the parties hereto have caused this Stipulation to be executed as _____, 2017.

           NATIONAL EVENTS HOLDINGS, LLC
           NATIONAL EVENTS INTERMEDIATE, LLC
           NATIONAL EVENTS COMPANY II, LLC
           NATIONAL EVENTS COMPANY III, LLC
           WORLD EVENTS GROUP II, LLC

By:_____
    Timothy Puopolo
    Chief Restructuring Officer

ALPHA PACKAGING INDUSTRIES

By:_____
    Steve Zaret
 President of Alpha Packaging Industries

**EXHIBIT B-4**

HERRICK, FEINSTEIN LLP
*Proposed Attorneys for the Debtors and Debtors
in Possession*
Stephen B. Selbst
2 Park Avenue
New York, New York 10016
(212) 592-1400
(212) 592-1500 (fax)
sselbst@herrick.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                              Chapter 11

NATIONAL EVENTS HOLDINGS, LLC,                                     Case No. 17-11556 (JLG)
*et al.*,
                                                                   (Jointly administered)
            Debtors.
----------------------------------------------------------x

## STIPULATION OF SETTLEMENT BETWEEN
## THE DEBTORS AND KEVIN BEAUREGARD

WHEREAS, Kevin Beauregard (the "Buyer") has purchased 144 tickets to the 2017 US Open Tennis Championship (the "Open Tickets"), for which the Buyer has paid $20,000 (the "Face Value Amount"); and

WHEREAS, the Buyer purchased such Open Tickets based upon an agreement under which (A) the Debtors would reimburse the Buyer for the Face Value Amount and (B) provide the Buyer with an additional cash payment in the amount of approximately $5,200 (the "Over Payment"); and

WHEREAS, the alleged agreement by the above-captioned debtors and debtors-in-possession (the "Debtors") to make the Over Payment to the Buyer is not evidenced by a written agreement; and

WHEREAS, the Buyer is unwilling to deliver the Open Tickets to the Debtors unless he receives the Over Payment; and

WHEREAS, the Debtors do not believe it is advisable or in the best interests of their estates to make the Over Payment; and

WHEREAS, the Buyer is prepared to pay the Face Value Amount to the Debtors and retain the Open Tickets; and

WHEREAS, the Debtors and the Buyer are willing to compromise and settle their respective rights to the Open Tickets on the following terms and conditions:

1. Upon approval of this Stipulation, the Buyer shall pay the Debtors, by wire transfer of immediately available funds, the sum of $20,000. The Debtors shall have no responsibility for making the Over Payment to the Buyer.

2. Effective upon receipt of payment of the sum of $20,000, the Debtors waive any and all claims they have, may have or could have asserted with respect to the Open Tickets, the sale of such Open Tickets, or the proceeds thereof.

3. The Buyer hereby releases, remises, and forever discharges (a) the Debtors and their estates, and (b) all of the Debtors' attorneys, professionals and agents from any and all claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty

2

or otherwise (including attorneys' fees, costs or disbursements) known or unknown, now existing or arising out of or in any way related to the Over Payment or the Open Tickets.

4. The Debtors hereby release, remise, and forever discharge (a) the Buyer, and (b) all of the Buyer's attorneys, professionals and agents from any and all claims or causes of action (including any suit, petition, demand, or other claim in law, equity or arbitration) and from any and all allegations of liability or damages (including any allegation of duties, debts, reckonings, contracts, controversies, agreements, promises, damages, responsibilities, covenants, or accounts) of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements) known or unknown, now existing or arising out of or in any way related to the Over Payment or the Open Tickets; provided, however, that the Buyer is not released from the obligation to make the payment to the Debtors set forth in Paragraph 1 of this Stipulation.

5. This Stipulation constitutes an agreement between the parties immediately upon its execution and at all times thereafter. Accordingly, each party agrees that, following its execution of this Stipulation, it shall do nothing contrary to the terms of this Stipulation.

6. This Stipulation contains all of the terms and conditions agreed upon by the parties hereto with reference to the subject matter resolved by this Stipulation.

7. Each party represents that it has had an opportunity to fully review the provisions of this Stipulation with attorneys of its own choice. Any rule of law that would require interpretation of any ambiguities in this Stipulation against the party who drafted it is of no application, and is hereby expressly waived.

8. No term of this Stipulation may be amended, modified, changed or waived except by an instrument signed by the parties.

9. This Stipulation may be signed in counterparts and facsimile copies of such counterparts shall be binding upon the Parties as if they were originals.

**IN WITNESS WHEREOF** the parties hereto have caused this Stipulation to be executed as of _____, 2017.

                                NATIONAL EVENTS HOLDINGS, LLC
                                NATIONAL EVENTS INTERMEDIATE, LLC
                                NATIONAL EVENTS COMPANY II, LLC
                                NATIONAL EVENTS COMPANY III, LLC
                                WORLD EVENTS GROUP II, LLC

                                By:_____
                                    Timothy Puopolo
                                    Chief Restructuring Officer

                                _____