SilvermanAcampora LLP
Counsel to Kenneth P. Silverman, Esq.,
The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman

Hearing Date: November 21, 2017
Time: 10:00 a.m.

Objections Due: November 14, 2017
Time: 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
In re:

NATIONAL EVENTS HOLDINGS, LLC, et al.,

                Debtors.
------------------------------------------------------------- X

Chapter 7
Case No.: 17-11556 (JLG)

(Jointly Administered)

### NOTICE OF HEARING ON TRUSTEE'S MOTION
### FOR AN ORDER APPROVING SETTLEMENT AGREEMENT
### BETWEEN THE TRUSTEE AND VOLPONE ENTERPRISES LLC

**PLEASE TAKE NOTICE**, that upon the attached motion (the "**Motion**") of Kenneth P. Silverman, Esq., the chapter 7 trustee (the "**Trustee**") of the jointly administered estates of National Events Holdings, LLC, et al.[1] (the "**Debtors**"), the Trustee will move before the Honorable James L. Garrity, Jr., United States Bankruptcy Judge, at the United States Bankruptcy Court, Southern District of New York, Alexander Hamilton U.S. Custom House, Courtroom 601, One Bowling Green, New York, New York 10004 on **November 21, 2017 at 10:00 a.m.**, or as soon thereafter as counsel can be heard, for entry of an order approving a stipulation of settlement between the Trustee and Volpone Enterprises LLC ("**Volpone**").

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief sought in the Motion shall be in writing, filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court, Alexander Hamilton U.S. Custom House, One Bowling Green, New York, New York 10004-1408, on a CD-Rom or flash drive,

---

[1] The Debtors are: National Events Holdings, LLC (17-11556-JLG), National Events Intermediate, LLC (17-11557 (JLG), National Event Company II, LLC (17-11559-JLG), National Event Company III, LLC (17-11561-JLG), and World Events Group, LLC (17-11562-JLG).

preferably in Portable Document format (PDF), WordPerfect or any other Windows-based word processing format (with two, single sided copies delivered directly to the Chambers of Judge James L. Garrity, Jr., United States Bankruptcy Court, Courtroom 601, Alexander Hamilton U.S. Custom House, New York, New York 10004, and served in accordance with General Order M-399 upon: (i) SilvermanAcampora LLP, counsel to the Trustee, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Ronald J. Friedman, Esq., (ii) counsel to Volpone, Luskin, Stern & Eisler LLP, Eleven Times Square, New York, New York 10036, Attn: Alex Talesnick, Esq., and (iii) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Sharon Ann Scott, so as to be received no later than **4:00 p.m.** on **November 14, 2017**.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned without further notice other than the announcement of such adjournment in open Court, or the filing of a notice of adjournment on the docket of the Debtors' jointly administered cases.

Dated: Jericho, New York
October 12, 2017

**SILVERMANACAMPORA LLP**
Counsel to the Trustee

By:   *s/ Ronald J. Friedman*
      Ronald J. Friedman
      Member of the Firm
      100 Jericho Quadrangle, Suite 300
      Jericho, New York  11753
      (516) 479-6300

SilvermanAcampora LLP
Counsel to Kenneth P. Silverman, Esq.,
The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman

Hearing Date: November 21, 2017
Time: 10:00 a.m.

Objections Due: November 14, 2017
Time: 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
In re:

NATIONAL EVENTS HOLDINGS, LLC, et al.,

                                Debtors.
----------------------------------------------------------------- X

Chapter 7
Case No.: 17-11556 (JLG)

(Jointly Administered)

## TRUSTEE'S MOTION FOR AN
## ORDER APPROVING SETTLEMENT AGREEMENT
## BETWEEN THE TRUSTEE AND VOLPONE ENTERPRISES LLC

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "**Trustee**") of the jointly administered estates of National Events Holdings, LLC, et al.[2] (the "**Debtors**"), hereby submits this motion (the "**Motion**") seeking the entry of an order pursuant to section 105(a) of title 11, United States Code (the "**Bankruptcy Code**") and Rule 9019 of the Federal Rules of Bankruptcy Procedure, approving a settlement agreement by and between the Trustee and Volpone Enterprises LLC ("**Volpone**" and, together with the Debtor, the "**Parties**" and each a "**Party**"), and respectfully represents as follows:

### BACKGROUND

1. On June 5, 2017 (the "**Petition Date**"), the Debtors filed a voluntary petitions for relief under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**")

2. By order of the Bankruptcy Court entered August 7, 2017 (the "**Conversion Date**"), the Debtors' chapter 11 cases were converted to cases under chapter 7 of the Bankruptcy Code.

---

[2] The Debtors are: National Events Holdings, LLC (17-11556-JLG), National Events Intermediate, LLC (17-11557 (JLG), National Event Company II, LLC (17-11559-JLG), National Event Company III, LLC (17-11561-JLG), and World Events Group, LLC (17-11562-JLG).

3. By Notice of Appointment dated August 7, 2017, Kenneth P. Silverman, Esq. was appointed the interim chapter 7 trustee of the Debtors' estates, has since duly qualified, and is the permanent trustee in these cases.

4. As of the Petition Date, Debtor National Event Company II, LLC ("**NEC II**") owned forty (40%) percent of the issued and outstanding limited liability company membership interests of Concierge Live, LLC, a Georgia limited liability company ("**Concierge**"). Volpone is the current holder of forty (40%) percent of the issued and outstanding limited liability company membership interests in Concierge.

5. Between January 2013 and the Petition Date, NEC II made certain transfers (the "**Transfers**") to Concierge in the aggregate amount of Three Hundred Nineteen Thousand Seven Hundred Forty Six and 56/100 ($319,746.56) Dollars for various corporate purposes, including the funding of corporate overhead and employee payroll.

6. Prior to the Conversion Date, the Bankruptcy Court entered an *Order Granting Relief from the Automatic Stay* (ECF Doc. No. 141) (the "**Lift Stay Order**") providing relief from the automatic stay to FMP Agency Services, LLC and Falcon Strategic Partners IV, LP (collectively, "**Falcon**"). Pursuant to the Lift Stay Order, Falcon has taken possession of NEC II's membership interest in Concierge.

7. Volpone has engaged in discussions with Falcon regarding the purchase of NEC II's membership interest in Concierge from Falcon.

### THE SETTLEMENT

8. Trustee and Volpone engaged in extensive negotiations regarding the settlement of any and all potential claims the Debtors' estates may have against Volpone and/or Concierge, including in connection with the avoidance and/or recovery of the Transfers under the Bankruptcy Code and state law (the "**Trustee's Claims**"). As a result of those negotiations, the Parties reached a settlement which is embodied in the stipulation of settlement (the "**Stipulation**") annexed hereto as **Exhibit 1**.

17-11556-jlg    Doc 204    Filed 10/12/17    Entered 10/12/17 15:31:43    Main Document
                                    Pg 5 of 8

9.  Pursuant to the Stipulation, the Volpone has offered to remit the sum of Twenty-Five Thousand ($25,000) Dollars (the "**Settlement Sum**") to the Trustee in full and final satisfaction of the Trustee's Claims, subject to the terms and conditions of the Stipulation.

10. After consulting with his professionals, and after analyzing, the possible outcomes of litigation with Volpone and/or Concierge and the attendant costs, the Trustee, in his sound business judgment, has concluded that the Stipulation represents a fair and equitable resolution of the Trustee's Claims.

11. All parties are encouraged to review the Stipulation, annexed hereto as Exhibit A, for the full terms of the settlement between the Parties.

## BASIS FOR THE PROPOSED SETTLEMENT

12. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") governs the approval of compromises and settlements, and provides as follows:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

FED. R. BANKR. P. 9019(a). Rule 9019(a) is applicable to debtors-in-possession pursuant to Bankruptcy Code §1107(a).

13. In approving the compromise and settlement, the Court is required to make an "informed and independent judgment" as to whether the compromise and settlement is fair and equitable based on an:

> [e]ducated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation.[3]

---

[3] *In re Iridium Operating LLC*, 478 F.3d 452, 462 n.15 (2d Cir. 2007) (quoting *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425, reh'g denied, 391 U.S. 909 (1968)). See *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988); *In re Bell & Beckwith*, 77 B.R. 606, 611 (Bankr.

14. In making its determination on the "propriety of the settlement", the Court should consider whether the proposed settlement is in the "best interest of the estate."[4] As stated in *Arrow Air*, the "approval of [a] proposed compromise and settlement is a matter of this Court's sound discretion."[5] In passing upon a proposed settlement, "the bankruptcy court does not substitute its judgment for that of the trustee."[6] The bankruptcy court is not required "to decide the numerous questions of law and fact raised by [objectors] . . . . [R]ather [the Court should] canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness."[7] In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the Trustee, the parties and their counsel."[8]

15. The Second Circuit in *re Iridium Operating LLC*[9] outlined the following seven factors (the "**Iridium Criteria**") to be considered by a court in deciding whether to approve a compromise or settlement:

    i.    the balance between the litigation's possibility of success and the settlement's present and future benefits;

    ii.    the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment if the settlement is not approved;

    iii.    the paramount interest of the creditors, including the proportion of class members who do not object to or who affirmatively support the settlement;

---

N.D.Ohio), aff'd, 87 B.R. 472 (N.D.Ohio 1987); *Cf. Magill v. Springfield Marine Bank (In re Heissinger Resources Ltd.)*, 67 B.R. 378, 383 (C.D. Ill. 1986) ("the law favors compromise").

[4] *Handler v. Roth (In re Handler)*, 386 B.R. 411, 420 (Bankr. E.D.N.Y. 2007)(quoting *In re Adelphia Communications Corp.*, 327 B.R. 143, 158 (Bankr. S.D.N.Y. 2005)); *Depo v. Chase Lincoln First Bank, N.A. (In re Depo)*, 77 B.R. 381, 383 (N.D.N.Y. 1987), aff'd, 863 F.2d 45 (2d Cir. 1988).

[5] *Arrow Air*, supra, 85.B.R. at 891.

[6] *In re Depo*, 77 B.R. at 384 (citations omitted).

[7] *Bell & Beckwith*, 77 B.R. at 612; see also *In re Handler*, 386 B.R. at 421.

[8] *Cosoff v. Rodman (In re W.T. Grant Co.)* 699 F.2d 594, 608 (2d cir 1983) cert denied, 464 U.S. 822 (1983) (quoting Newman v. Stein, 689, 693 (2d cir 1972) cert denial, 409 U.S. 1972); See also, In Re Handler, 366 B.R. at 420-21.
[9] 478 F.3d 452, 462 (2d Cir. 2007).

    iv.    whether other parties in interest support the settlement;

    v.    the competency and experience of the counsel who support the proposed settlement;

    vi.    the relative benefits to be received by individuals or groups within the class; and

    vii.    the extent to which the settlement is the product of arm's length bargaining.[10]

16. The proposed settlement far exceeds lowest range of reasonableness under the *Iridium* Criteria.

17. Although the Trustee believes he would be successful if he prosecuted the Trustee's Claims, there are no guarantees and any such action would be expensive and time consuming. Moreover, there are no guarantees that the Trustee could collect on any judgment he obtained against Concierge and/or Volpone.

18. Here, the Stipulation resolves all of the issues between the Parties, prevents what could otherwise be long and expensive litigation, and is in the best interests of the estate. Moreover, the Trustee does not believe that any of the Debtors' creditors will object to the proposed Stipulation.

19. The Trustee submits that the Stipulation is a product of extensive arm's length bargaining and exceeds the lowest range of reasonableness consistent with the applicable law, and both the Trustee and Volpone were represented by competent and experienced counsel.

20. In the Trustee's sound business judgment, the proposed settlement is both appropriate and warranted. The Trustee believes that the settlement is fair and equitable and in the best interest of the estate.

## NOTICE

21. The Trustee has served the Notice of Hearing, proposed order, and the Motion (with Exhibits) upon: (i) the Office of the United States Trustee; (ii) the Debtors and their

---

[10] See *In re Iridium Operating LLC*, 478 F.3d at 462; See also *In re Handler*, 386 B.R. at 421.

counsel; (iii) counsel to Volpone; (iv) all of the Debtors' known creditors, and (v) all parties having filed a Notice of Appearance in this case. The Trustee respectfully submits that the proposed service is sufficient under the circumstances.

22. No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court grant this Motion approving the Stipulation and grant such other further and different relief as this Court deems just and proper.

Dated: Jericho, New York
October 12, 2017

**SILVERMANACAMPORA LLP**
Counsel to the Trustee

By:   s/ Ronald J. Friedman
Ronald J. Friedman
Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York  11753
(516) 479-6300