**SILVERMANACAMPORA LLP**
*Counsel to the Chapter 7 Trustee*
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
David J. Mahoney, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                              Chapter 7

NATIONAL EVENTS HOLDINGS, LLC,                  Case No.    17-11556 (JLG)
NATIONAL EVENTS INTERMEDIATE, LLC,                          17-11557 (JLG)
NATIONAL EVENT COMPANY II, LLC,                             17-11559 (JLG)
NATIONAL EVENT COMPANY III, LLC,                            17-11561 (JLG)
WORLD EVENTS GROUP, LLC                                     17-11562 (JLG)

                        Debtors.                            (Jointly Administered)
---------------------------------------------------------------x

### APPLICATION FOR ENTRY OF AN ORDER DIRECTING
### THE EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY
### VIVID HOLDINGS INC. UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") of the jointly administered bankruptcy estates of National Events Holdings, LLC, National Events Intermediate, LLC, National Event Company II, LLC, National Event Company III, LLC, and World Events Group, LLC (collectively the "Debtors"), by his counsel, SilvermanAcampora LLP, seeking the entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 2004") authorizing and directing the examination of and production and turnover of documents by Vivid Holdings Inc. (the "Witness"), respectfully sets forth and represents as follows:

1.  The Trustee respectfully requests that this Court enter an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Rules") authorizing and directing the examination of the Witness and the production and turn over by the Witness of all documents more particularly set forth in this Application. Copies of the proposed Order and Subpoena are collectively annexed hereto as **Exhibit "A"**.

## BACKGROUND

2. On June 5, 2017, the Debtors filed voluntary petitions for relief under chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

3. By Order dated June 13, 2017, the Court entered an Order for the joint administration of the Debtors' estates (*see Doc. No. 20 in Bankr. S.D.N.Y. 17-11566*).

4. By Order of the Court dated August 7, 2017, the Debtors' chapter 11 cases were converted to chapter 7 liquidation proceedings (*see Doc. No. 143 in Bankr. S.D.N.Y. 17-11566*).

5. By Notice of Appointment dated August 7, 2017, Kenneth P. Silverman, Esq., was appointed Interim Trustee in these matters (*see Doc. No. 144 in Bankr. S.D.N.Y. 17-11566*), he has qualified and is now the permanent chapter 7 trustee.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (0).

7. The Trustee and his professionals have had the opportunity to review documents filed with the Court, certain documents of the Debtors, and documents filed with the United States District Court for the Southern District of New York, including but not limited to the Criminal Complaint filed in the matter of *U.S.A. v. Jason Nissen,* 17-Mag-4096, sworn to by Federal Bureau of Investigation Special Agent Joseph Downs on May 30, 2017 (the "Downs Affidavit").

8. The Trustee makes the following statements upon information and belief, the sources of which are the Downs Affidavit, certain books and records of the Debtors, and the documents filed with the Court:

   a. Debtors National Events Company II, LLC, National Events Company III, LLC, and World Events Group II, LLC were all wholly owned subsidiaries of National Events Intermediate, LLC, which was in turn a wholly owned subsidiary of National Events Holdings LLC;

    b. Debtor National Events Holdings, LLC is owned by non-debtors Falcon Strategic Partners IV, LP (24%), National Events of America, Inc. (75%), and New World Events Group, Inc. (1%);

    c. Debtor National Events Company II, LLC owns a 50% interest in non-debtor Winter Music Festivals, LLC and a 40% interest in non-debtor Conceirge Live, LLC.

    d. Jason Nissen ("Nissen") controlled the operations of National Events of America, Inc., and New World Events Group, Inc. (the "Controlled Corporations"), as president and chief executive officer of those corporations and each of the Debtors, as each Debtor's managing member.

    e. Through his control of the Debtors and the Controlled Corporations, Nissen fraudulently solicited tens of millions of dollars from lenders for the purported purpose of purchasing and re-selling wholesale quantities of premium tickets for sporting and entertainment events, only to misappropriate the vast majority of those funds to repay other lenders and enrich himself through a Ponzi-type scheme.

    f. Nissen facilitated this Ponzi scheme by transferring millions of the dollars lent by his victims to more than 60 third parties for purposes other than purchasing tickets.

    g. Nissen disguised many of those transfers when routing them out of the Debtors' accounts.

    h. The Witness was the recipient of transfers (the "Transfers") from Debtors, the Controlled Corporations, and/or Nissen, totaling no less than ($450,000.00).

9. The Trustee now seeks to obtain all of the below-listed records maintained by the Witness for the purpose of determining whether the Debtors received fair consideration or reasonably equivalent value in exchange for the Transfers and/or whether the Transfers were made with the actual intent to hinder, delay, or defraud the Debtors' legitimate creditors.

**FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004**

10. Federal Rule of Bankruptcy Procedure 2004 provides that "[o]n motion of any party in interest, the Court may order the examination of any entity" with regard to the "acts, conduct, or property or to the liabilities and financial condition of the debtors, or to any matter which may affect the administration of the debtors' estate..."

11. In this case, the examination of the Witness is essential to the Trustee's investigation and possible recovery of assets of the Debtors' estate. In light of the Trustee's review of the Downs Affidavit and the Debtors' books and records, an examination of the nature and extent of the Transfers made by, through, or to the Witness (or accounts maintained by Witness), and the reasons therefor, is critical.

12. Similarly, the production of the documents requested below is essential to the thorough investigation of the existence of potential claims for relief, and to the proper, effective and efficient administration of the Debtors' estate.

**THE REQUESTED DOCUMENTS**

13. Accordingly, the documents sought by the Trustee in connection with this Application, without prejudice to supplement his request, are as follows:

   a. Any and all documents reflecting the Witness' receipt of money or other property from any of the Debtors during the time-period of June 30, 2011 through and including June 30, 2017, whether maintained in the form of paper records, electronic format, or otherwise; and

   b. Any and all documents reflecting the Witness' transfer of money or other property to any of the Debtors during the time-period of June 30, 2011 through and including June 30, 2017, whether maintained in the form of paper records, electronic format, or otherwise; and

   c. Any correspondence between the Witness and any of the Debtors, whether maintained in the form of paper records, electronic format, or otherwise; and

   d. Any and all documents reflecting the Witness' receipt of money or other property from any of the Controlled Corporations during the time-period of June 30, 2011 through and including June 30, 2017, whether maintained in the form of paper records, electronic format, or otherwise; and

e. Any and all documents reflecting the Witness' transfer of money or other property to any of the Controlled Corporations during the time-period of June 30, 2011 through and including June 30, 2017, whether maintained in the form of paper records, electronic format, or otherwise; and

f. Any correspondence between the Witness and any of the Controlled Corporations, whether maintained in the form of paper records, electronic format, or otherwise; and

g. Any and all documents reflecting the Witness' receipt of money or other property from Nissen during the time-period of June 30, 2011 through and including June 30, 2017, whether maintained in the form of paper records, electronic format, or otherwise; and

h. Any and all documents reflecting the Witness' transfer of money or other property to Nissen during the time-period of June 30, 2011 through and including June 30, 2017, whether maintained in the form of paper records, electronic format, or otherwise; and

i. Any correspondence between the Witness and Nissen, whether maintained in the form of paper records, electronic format, or otherwise; and

j. Any and all other books and records that refer, relate to, or otherwise concern the Debtors, the Controlled Corporations, or Nissen.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order granting Trustee's Application Under Federal Rule of Bankruptcy Procedure 2004 Directing the Witness' Examination and Production of Documents, and such other and further relief as this Court deems just and proper.

Dated: Jericho, New York
May 18, 2018

                                                          SILVERMANACAMPORA LLP
                                                          Counsel to Kenneth P. Silverman, Esq.,
                                                          the Chapter 7 Trustee

                           By:    *s/ David J. Mahoney*
                                    David J. Mahoney
                                    A Member of the Firm
                                    100 Jericho Quadrangle, Suite 300
                                    Jericho, New York 11753
                                    (516) 479-6300