# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                       Chapter 7

NATIONAL EVENTS HOLDINGS, LLC,                               Case No.      17-11556 (JLG)
NATIONAL EVENTS INTERMEDIATE, LLC,                                         17-11557 (JLG)
NATIONAL EVENT COMPANY II, LLC,                                            17-11559 (JLG)
NATIONAL EVENT COMPANY III, LLC,                                          17-11561 (JLG)
WORLD EVENTS GROUP, LLC                                                    17-11562 (JLG)

                              Debtors.                      (Jointly Administered)

------------------------------------------------------------x

## ORDER DIRECTING THE EXAMINATION OF AND PRODUCTION
## OF DOCUMENTS BY VIVID HOLDINGS INC.
## UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004

Upon the application (the "Application") of Kenneth P. Silverman, Esq., the Chapter 7

trustee (the "Trustee") of the jointly administered bankruptcy estates of National Events

Holdings, LLC, National Events Intermediate, LLC, National Event Company II, LLC, National

Event Company III, LLC, and World Events Group, LLC (collectively the "Debtors"), by his

proposed counsel, SilvermanAcampora LLP, seeking the entry of an order pursuant to Rule

2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 2004") authorizing and

directing the examination of and production and turn over of documents by Vivid Holdings Inc.

(the "Witness"), as more particularly set forth in this Order and the Application, and sufficient

cause appearing therefor, and it appearing that entry of this Order is in the best interests of the

Debtors' jointly administered estates, and no adverse interest appearing; it is hereby

**ORDERED**, that pursuant to Bankruptcy Rule 2004, the Application is hereby approved

to the extent set forth herein; and it is further

**ORDERED**, that the Witness is directed to appear for examination at the offices of

SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, on

fourteen (14) days written notice and that SilvermanAcampora LLP is authorized to issue a

subpoena, substantially in the form as that annexed to the Application as **Exhibit "A"**, and that

this Order and document production request shall accompany the service of the subpoena upon

the Witness; and it is further

ORDERED, that the examination of the Witness is to continue from day to day until completed; and it is further

ORDERED, that the Witness is directed to produce for examination and inspection, at the offices of SilvermanAcampora LLP, at least ten (10) days prior to the scheduled examination as set forth in the subpoena, the following documents:

a. Any and all bank statements, canceled checks, deposit slips, withdrawal requests, wire transfer authorizations, receipts, debit memos, and all other deposits or withdrawals in Witness' custody, possession, or control, for accounts maintained by any of the above-captioned Debtors, for the months of January 1, 2011, through and including June 30, 2017 whether maintained in the form of paper records, electronic format, or otherwise; and

b. Any and all account opening documents, applications to open accounts or lines of credit, signature cards, or other books and records in Witness' custody, possession, or control for accounts maintained by any of the above-captioned Debtors, whether maintained in the form of paper records, electronic format, or otherwise; and

c. Any correspondence between the Witness and National Events Holdings, LLC, whether maintained in the form of paper records, electronic format, or otherwise; and

d. Any documents reflecting transfers made by any of the above-captioned Debtors to Witness during the months of January 1, 2011 through and including June 30, 2017; whether maintained in the form of paper records, electronic format, or otherwise, and

e. Any documents reflecting transfers made by Nissen to Witness, during the months of January 1, 2011 through and including June 30, 2017; whether maintained in the form of paper records, electronic format, or otherwise, and

f. Any documents reflecting transfers made by Witness to Nissen, during the months of January 1, 2011 through and including June 30, 2017; whether maintained in the form of paper records, electronic format, or otherwise, and

g. Any documents reflecting transfers made by Robert Nissen to Witness, during the months of January 1, 2011 through and including June 30, 2017; whether maintained in the form of paper records, electronic format, or otherwise, and

h. Any documents reflecting transfers made by Witness to Robert Nissen, during the months of January 1, 2011 through and including June 30, 2017; whether maintained in the form of paper records, electronic format, or otherwise, and

2

i.  Any documents reflecting the formation of bank accounts, investment accounts, or trusts for the benefit of Witness or Witness' minor child(ren) during the months of January 1, 2011 through and including June 30, 2017; whether maintained in the form of paper records, electronic format, or otherwise, and

j.  Any documents reflecting the incorporation or formation of any business entity formed during the months of January 1, 2011 through and including June 30 2017, in which Witness is a shareholder, partner, or member; whether maintained in the form of paper records, electronic format, or otherwise, and

k.  Any documents reflecting Witness' receipt of stock, partnership interest, or membership interest in any business entity during the months of January 1, 2011 through and including June 30 2017, whether maintained in the form of paper records, electronic format, or otherwise, and

l.  Any documents reflecting the Witness' appointment as an officer, director, or manager of any business entity during the months of January 1, 2011 through and including June 30 2017, whether maintained in the form of paper records, electronic format, or otherwise, and

m.  A copy of Witness' United States passport and any endorsements thereto reflecting foreign travel during the months of January 1, 2011 through and including June 30, 2017; whether maintained in the form of paper records, electronic format, or otherwise, and

n.  Any documents pertaining to the Debtors or Nissen, including but not limited to copies of checks, wire transfers, account statements, invoices, bills of lading, delivery tickets, correspondence (including e-mail correspondence), contracts, loan agreements, etc., whether maintained in the form of paper records, electronic format, or otherwise; and

o.  Any and all other books and records that refer, relate to, or otherwise concern the Debtors or Nissen.

**ORDERED,** that service by first class mail of a copy of this Order and the subpoena upon the Witness at the Witness' last known address be deemed good and sufficient notice and service of this Order and subpoena; and it is further

**ORDERED,** that the Trustee is authorized and approved to do such things, execute such documents, and expend such funds as may be necessary and consistent with this Order.

**SO ORDERED:**

HTRUST/2178180.1/067493

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re National Events Holdings, LLC, et al.

Debtor

Case No. 17-11556 (JLG), et al.

Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

Vivid Holdings Inc., 11500 Olympic Boulevard, Ste. 400, Room 493, Los Angeles, CA 90064

To: Attn: Tawnya Falkner, Executive Director

*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| SilvermanAcampora LLP<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>(516) 479-6300 | June ___, 2018<br><br>__:00 _.m. |

The examination will be recorded by this method: **Court Reporter**

[X] *Production:* You, or your representatives, must produce on or before _____, 2018, the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

All documents specified in the Order annexed hereto, dated _____.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Kenneth P. Silverman, as Chapter 7 Trustee, who issues or requests this subpoena, are:

David J. Mahoney, Esq., SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753, (516) 479-6300

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)