UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| NATIONAL EVENTS HOLDINGS, LLC, | Case No.    17-11556 (JLG) |
| NATIONAL EVENTS INTERMEDIATE, LLC, | 17-11557 (JLG) |
| NATIONAL EVENT COMPANY II, LLC, | 17-11559 (JLG) |
| NATIONAL EVENT COMPANY III, LLC, | 17-11561 (JLG) |
| WORLD EVENTS GROUP, LLC | 17-11562 (JLG) |
| Debtors. | (Jointly Administered) |

-----------------------------------------------------------------x

**ORDER DIRECTING THE EXAMINATION OF AND PRODUCTION
OF DOCUMENTS BY VIVID HOLDINGS INC.
<u>UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004</u>**

Upon the application (the "Application") of Kenneth P. Silverman, Esq., the Chapter 7 trustee (the "Trustee") of the jointly administered bankruptcy estates of National Events Holdings, LLC, National Events Intermediate, LLC, National Event Company II, LLC, National Event Company III, LLC, and World Events Group, LLC (collectively the "Debtors"), by his proposed counsel, SilvermanAcampora LLP, seeking the entry of an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule 2004") authorizing and directing the examination of and production and turn over of documents by Vivid Holdings Inc. (the "Witness"), as more particularly set forth in this Order and the Application, and sufficient cause appearing therefor, and it appearing that entry of this Order is in the best interests of the Debtors' jointly administered estates, and no adverse interest appearing; it is hereby

**ORDERED**, that pursuant to Bankruptcy Rule 2004, the Application is hereby approved to the extent set forth herein; and it is further

**ORDERED**, that the Witness is directed to appear for examination at the offices of SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, on twenty-five (25) days written notice and that SilvermanAcampora LLP is authorized to issue a subpoena, substantially in the form as that annexed to the Application as **Exhibit "A"**, and that this Order and document production request shall accompany the service of the subpoena upon

the Witness; and it is further

**ORDERED**, that the examination of the Witness is to continue from day to day until completed; and it is further

**ORDERED**, that the Witness is directed to produce for examination and inspection, at the offices of SilvermanAcampora LLP, at least fourteen (14) days prior to the scheduled examination as set forth in the subpoena, the following documents:

a. Any and all bank statements, canceled checks, deposit slips, withdrawal requests, wire transfer authorizations, receipts, debit memos, and all other deposits or withdrawals in Witness' custody, possession, or control, for accounts maintained by any of the above-captioned Debtors, for the months of January 1, 2011, through and including June 30, 2017 whether maintained in the form of paper records, electronic format, or otherwise; and

b. Any and all account opening documents, applications to open accounts or lines of credit, signature cards, or other books and records in Witness' custody, possession, or control for accounts maintained by any of the above-captioned Debtors, whether maintained in the form of paper records, electronic format, or otherwise; and

c. Any correspondence between the Witness and National Events Holdings, LLC, whether maintained in the form of paper records, electronic format, or otherwise; and

d. Any documents reflecting transfers made by any of the above-captioned Debtors to Witness during the months of January 1, 2011 through and including June 30, 2017; whether maintained in the form of paper records, electronic format, or otherwise, and

e. Any documents reflecting transfers made by Nissen to Witness, during the months of January 1, 2011 through and including June 30, 2017; whether maintained in the form of paper records, electronic format, or otherwise, and

f. Any documents reflecting transfers made by Witness to Nissen, during the months of January 1, 2011 through and including June 30, 2017; whether maintained in the form of paper records, electronic format, or otherwise, and

g. Any documents reflecting transfers made by Robert Nissen to Witness, during the months of January 1, 2011 through and including June 30, 2017; whether maintained in the form of paper records, electronic format, or otherwise, and

h. Any documents reflecting transfers made by Witness to Robert Nissen, during the months of January 1, 2011 through and including June 30, 2017; whether maintained in the form of paper records, electronic format, or otherwise, and

     i. Any documents reflecting the formation of bank accounts, investment accounts, or trusts for the benefit of Witness or Witness' minor child(ren) during the months of January 1, 2011 through and including June 30, 2017; whether maintained in the form of paper records, electronic format, or otherwise, and

     j. Any documents reflecting the incorporation or formation of any business entity formed during the months of January 1, 2011 through and including June 30 2017, in which Witness is a shareholder, partner, or member; whether maintained in the form of paper records, electronic format, or otherwise, and

     k. Any documents reflecting Witness' receipt of stock, partnership interest, or membership interest in any business entity during the months of January 1, 2011 through and including June 30 2017, whether maintained in the form of paper records, electronic format, or otherwise, and

     l. Any documents reflecting the Witness' appointment as an officer, director, or manager of any business entity during the months of January 1, 2011 through and including June 30 2017, whether maintained in the form of paper records, electronic format, or otherwise, and

     m. A copy of Witness' United States passport and any endorsements thereto reflecting foreign travel during the months of January 1, 2011 through and including June 30, 2017; whether maintained in the form of paper records, electronic format, or otherwise, and

     n. Any documents pertaining to the Debtors or Nissen, including but not limited to copies of checks, wire transfers, account statements, invoices, bills of lading, delivery tickets, correspondence (including e-mail correspondence), contracts, loan agreements, etc., whether maintained in the form of paper records, electronic format, or otherwise; and

     o. Any and all other books and records that refer, relate to, or otherwise concern the Debtors or Nissen.

**ORDERED,** that service by first class mail of a copy of this Order and the subpoena upon the Witness at the Witness' last known address be deemed good and sufficient notice and service of this Order and subpoena; and it is further

**ORDERED**, that the Trustee is authorized and approved to do such things, execute such documents, and expend such funds as may be necessary and consistent with this Order.

Dated: June 5, 2018
       New York, New York

                              /s/ *James L. Garrity, Jr.*
                              Honorable James L. Garrity, Jr.
                              United States Bankruptcy Judge