UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re:

NATIONAL EVENTS HOLDINGS, LLC, *et al.*,

                                        Debtors.
---------------------------------------------------------------X

Chapter 7

Case No. 17-11556 (JLG)

(Jointly Administered)

## STIPULATION AND ORDER EXTENDING ON CONSENT DEADLINE OF TRUSTEE TO COMMENCE CONTESTED MATTER OR ADVERSARY PROCEEDING AGAINST TALY USA HOLDINGS INC. AND/OR SLL USA HOLDINGS

This Stipulation is entered into and effective as of September 25, 2019, by and among the following (collectively, the "**Parties**"): (i) Kenneth Silverman, Esq., the chapter 7 trustee (the "**Trustee**") of National Events Holdings, LLC, *et al.* (collectively, the "**Debtors**")[1], and (ii) Taly USA Holdings Inc. ("**Taly**") and SLL USA Holdings (**"SLL"**) (together, the "**Lenders**").

## RECITALS

**WHEREAS,** on June 28, 2017, two of the Debtors, National Events of America, Inc. and New World Events Group, Inc. (together, the "**Corporate Debtors**") filed voluntary petitions under chapter 11 of title 11, United States Code (the "**Bankruptcy Code**")**[17-11798] [JLG]**; and

**WHEREAS**, on September 21, 2017, this Court So-Ordered the Stipulation and Order (I) Acknowledging Edward J. LoBello, Esq. as Estate Fiduciary; and (II) Authorizing the Appointment of an Examiner for a Limited Purpose [Corporate Debtors' Dkt. No. 54] in the Corporate Debtors' cases; and

**WHEREAS**, pursuant to the Order Granting Corporate Debtors' Motion for Entry of a Final Order (a) Authorizing Debtors to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§

---

[1] The Debtors are National Events Holdings, LLC (17-11556); National Events Intermediate, LLC (17-11557); National Events Company II, LLC (17-11559); National Event Company III, LLC (17-11561); National World Events Group II, LLC (17-11562); National Events of America, Inc. (17-11798) and New World Events Group, Inc. (17-11799).

105, 361, 362, 363, and 364 and (b) Granting Liens, Security Interests and Superpriority Claims (the "**Final DIP Order**") [Corporate Debtors' Dkt. No. 69], the Estate Fiduciary and any other party in interest (solely if granted standing) had until December 19, 2017 to commence a contested matter or adversary proceeding (a "**Challenge**") asserting any claims or causes of action against the Lenders (the "**Deadline**"); and

**WHEREAS,** the Deadline for Challenges was thereafter extended, on consent, through and including September 30, 2019 [Corporate Debtors' Dkt. Nos. 124, 153, 191, 211, 260 and 268; LLC Debtors' Dkt. Nos. 560, 718 and 729]; and

**WHEREAS**, by Order dated February 11, 2019, the Corporate Debtors' Chapter 11 cases were converted to cases under Chapter 7 of the Bankruptcy Code [Corporate Debtors' Dkt. No. 270], all of the Debtors' cases were procedurally consolidated, and thereafter the Trustee was appointed as the Chapter 7 trustee in the Debtors' procedurally consolidated cases; and

**WHEREAS,** the Trustee is in discussions with the Lenders regarding matters relating to potential Challenges and the Deadline for doing so, and through those discussions the Parties have conferred about extending the Deadline for commencing any Challenges and have consensually agreed to the extended deadline as set forth below in order to maintain the status quo; and

**WHEREAS,** the United States Trustee has no objection to the extension set out herein.

**NOW, THEREFORE,** the Parties, subject to Bankruptcy Court approval, stipulate and agree to the following:

1. The Investigation Termination Date, as defined in the Final DIP Order, and the Deadline for commencing Challenges with respect to the Lenders, is hereby extended through and including November 1, 2019, solely for the Trustee (including any successor Trustee that may be appointed in Debtors' cases) and solely to the extent of potential Challenges that can be brought pursuant to Chapter 5 of the Bankruptcy Code on behalf of any of the Debtors' estates,

including potential "preference" and "fraudulent transfer" actions on any available theories. For the avoidance of doubt, except as specifically modified herein, all deadlines, terms and conditions set forth in the Final DIP Order remain in full force and effect.

2. Nothing in this Order shall interfere with any of the other orders entered in these cases other than to extend the deadlines addressed herein.

Dated: September 26, 2019
New York, New York

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**  **MORRISON COHEN LLP**

*/s/ Edward J. LoBello*  */s/ Christopher Milito*
Edward J. LoBello, Esq.   Robert K. Dakis, Esq.
1350 Broadway, Suite 501   Christopher Milito, Esq.
P.O. Box 822    Joseph T. Moldovan, Esq.
New York, New York 10018   909 Third Avenue
Telephone: (212) 763-7030   New York, New York 10022
*Special Litigation Counsel to Kenneth P.*  Telephone: (212) 735-8600
*Silverman, Esq., the Chapter 7 Trustee*  *Counsel to Taly USA Holdings, Inc.*

**IT IS HEREBY SO ORDERED:**

Dated: October 3, 2019    /s/ *James L. Garrity, Jr.*
New York, New York    HONORABLE JAMES L. GARRITY, JR.
       UNITED STATES BANKRUPTCY JUDGE

3

4304961