**RIMON P.C.**
Counsel to Kenneth P. Silverman, Esq.
The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman

**Hearing Date: June 17, 2026**
**Time: 10:00 am**

**Objection Due**: **June 10, 2026**
**Time: 4:00 pm**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- ------------------------------------------------------------ x

In re:

NATIONAL EVENTS HOLDINGS, LLC, et al.,

Debtors.

Chapter 7
Case No. 17-11556 (JLG)
(Jointly Administered)

- ------------------------------------------------------------ x

**NOTICE OF HEARING ON TRUSTEE'S MOTION PURSUANT TO BANKRUPTCY RULE 9019(a) AND BANKRUPTCY CODE SECTION 105 SEEKING APPROVAL OF STIPULATION OF SETTLEMENT BY AND BETWEEN TRUSTEE AND TALY USA HOLDINGS INC. AND SLL USA HOLDINGS, INC.**

**PLEASE TAKE NOTICE**, that upon the motion (the "Motion"), pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and Bankruptcy Code Section 105, Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") of the jointly administered bankruptcy estates of National Events Holdings, LLC; National Events Intermediate, LLC; National Event Company II, LLC; National Event Company III, LLC; World Events Group, LLC (collectively, the "LLC Debtors"); National Events of America, Inc.; and New World Events Group Inc. (together, the "Corporate Debtors," and collectively with the LLC Debtors, the "Debtors") [1], will move before the Honorable James L. Garrity, Jr., United States Bankruptcy Judge at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, One Bowling Green, New York, New York 10004, via CourtSolutions, on June 17, 2026

[1] The last four numbers of each Debtor's taxpayer identification number are: National Events Holdings, LLC (7314); National Events Intermediate, LLC (0566); National Event Company II, LLC (6663); National Event Company III, LLC (7592); World Events Group LLC (9429); National Events of America, Inc. (7314); and New World Events Group Inc. (8838)

at 10:00 a.m., or as soon thereafter as counsel can be heard (the "Hearing"), for the entry of an order approving the Trustee's settlement with Taly USA Holdings Inc. and SLL USA Holdings Inc., a copy of which is annexed to the Motion and is the Settlement Agreement annexed hereto as **Exhibit A**, and for such other, further and different relief as the Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE**, that, no later than 4:00 p.m., two business days prior to the Hearing, all parties interested in participating in the Hearing must register for the Hearing *via* Court Solutions at www.Court-Solutions.com. If you require assistance, please review Judge Garrity's procedures page on the Court's website, or contact Court Services at (212) 284-4040.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, to the relief requested in the Motion must be: (i) made in writing; (ii) filed with the Court electronically in accordance with General Order M-399 by registered users of the Court's electronic case filing system and, by all other parties in interest, mailed to the Clerk of the United States Bankruptcy Court, Alexander Hamilton U.S. Custom House, One Bowling Green, New York, New York 10004, with two (2) hard copies, single-sided, delivered directly to the Chambers of the Honorable James L. Garrity, Jr., United States Bankruptcy Judge, Alexander Hamilton U.S. Custom House, One Bowling Green, New York, New York 10004; and (iii) served upon (a) Rimon P.C., 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Kenneth P. Silverman and Ronald J. Friedman, Esq., and (b) the Office of the United States Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Room 534, New York, New York 10004-1408, Attn: Mark Bruh, Esq., so as to be received no later than **4:00 p.m. on June 10, 2026.**

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned without further notice other than the announcement of such adjournment in open court, or the filing of a notice of adjournment on the docket.

Dated: Jericho, New York
May 27, 2026

**RIMON P.C.**
Attorneys for Kenneth P. Silverman, Esq.,
Chapter 7 Trustee

By: *\/s/Ronald J Friedman*
Ronald J. Friedman
Partner
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300

**RIMON P.C.**
Counsel to Kenneth P. Silverman, Esq.
The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman

**Hearing Date: June 17, 2026**
**Time: 10:00 am**

**Objection Due: June 10, 2026**
**Time: 4:00 pm**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>NATIONAL EVENTS HOLDINGS, LLC, et al.,<br><br>Debtors. | Chapter 7<br>Case No. 17-11556 (JLG)<br>(Jointly Administered) |

**CHAPTER 7 TRUSTEE'S MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO APPROVE SETTLEMENT AGREEMENT BY AND AMONG THE CHAPTER 7 TRUSTEE AND TALY USA HOLDINGS INC. AND SLL USA HOLDINGS, INC.**

**TO THE HONORABLE JAMES L. GARRITY, JR.,
UNITED STATES BANKRUPTCY JUDGE:**

Kenneth P. Silverman, Esq., the chapter 7 trustee (the "Trustee") of the jointly administered bankruptcy estates of National Events Holdings, LLC; National Events Intermediate, LLC; National Event Company II, LLC; National Event Company III, LLC; World Events Group, LLC (collectively, the "LLC Debtors"); National Events of America, Inc.; and New World Events Group Inc. (together, the "Corporate Debtors," and collectively with the LLC Debtors, the "Debtors")[1], submits this motion under Federal Rule of Bankruptcy Procedure 9019 and Bankruptcy Code section 105 (the "Motion") requesting approval of the *Settlement Agreement* (the "Settlement Agreement") by and between the Trustee and Taly ("Taly") and SLL Holdings LLC ("SLL"), annexed hereto as Exhibit A, and respectfully represents as follows:

[1] The last four numbers of each Debtor's taxpayer identification number are: National Events Holdings, LLC (7314); National Events Intermediate, LLC (0566); National Event Company II, LLC (6663); National Event Company III, LLC (7592); World Events Group LLC (9429); National Events of America, Inc. (7314); and New World Events Group Inc. (8838).

## BACKGROUND

### Procedural Background

1. After the arrest by the Federal Bureau of Investigation of the Debtors' chief executive officer, Jason Nissen ("Nissen") for allegedly defrauding victims of $70 million in a Ponzi scheme, on June 1, 2017, victims of Nissen's alleged scheme commenced state court litigation which resulted in the appointment of Edward J. LoBello, Esq. as receiver (the "Receiver"), on June 5, 2017, of the Corporate Debtors

2. On June 5, 2017 (the "LLC Debtors' Petition Date"), the LLC Debtors filed voluntary petitions for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code") in this Court.

3. On June 13, 2017, the Court entered an order [Docket No. 20][2] granting the joint administration of the LLC Debtors' estates.

4. On June 28, 2017 (the "Corporate Debtors' Petition Date," and together with the LLC Debtors' Petition Date, the "Petition Dates") the Receiver filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court for the Corporate Debtors.

5. On August 7, 2017, the LLC Debtors' chapter 11 cases were converted to liquidation proceedings under chapter 7 of the Bankruptcy Code [Docket No. 143], and the Trustee was appointed as interim trustee in those chapter 7 cases [Docket No. 144].

6. Pursuant to a so-ordered stipulation dated September 20, 2017 [Case No. 17-11798, Docket No. 54], the Receiver was appointed estate fiduciary of the Corporate Debtors in their jointly administered chapter 11 bankruptcy cases.

[2] Docket numbers cited herein refer to the Debtors' jointly administered Case No. 17-11556 in this Court, unless otherwise specified.

7. On February 11, 2019, the Court entered an order, inter alia: (i) converting the Corporate Debtors' chapter 11 cases to chapter 7 liquidation cases; (ii) providing for the appointment of the Trustee in the Corporate Debtors' cases; and (iii) directing the joint administration of all the Debtors' chapter 7 cases [Docket No. 513].

8. Pursuant to the Order Granting Corporate Debtors' Motion for Entry of a Final Order (a) Authorizing Debtors to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 and (b) Granting Liens, Security Interests and Superpriority Claims (the "Final DIP Order") [Corporate Debtors' Dkt. No. 69], the estate fiduciary and any other party in interest (solely if granted standing) had until December 19, 2017 to commence a contested matter or adversary proceeding (a "Challenge") asserting any claims or causes of action against the Taly and SLL (the "Deadline").

**<u>The Trustee's Claims Against Taly</u>**

9. The Deadline for Challenges was thereafter extended, on consent, through and including February 27, 2026 [Corporate Debtors' Dkt. Nos. 124, 153, 191, 211, 260 and 268; LLC Debtors' Dkt. Nos. 560, 718, 729, 740, 748, 761, 767, 780, 786, 793, 810, 816, 825, 830, 852, 864, 875, 880, 918, 914, 922, 932, 941, 954, 957, 967, 973, 984, 1002, 1012, 1028, 1038, 1056, 1086, 1090, 1092, 1094, 1096, 1101, and 1108].

10. The Parties entered into a Stipulation and Order submitted to the Court on February 24, 2026 extending the Deadline for Challenges to March 31, 2026 and thereafter entered into a Stipulation and Order providing for an additional extension of the Deadline through the approval of this Motion, which Stipulation and Order is pending the Court's approval;

11. During all of the prior extension periods for the Deadline the Trustee and his professionals were in discussions with Taly and SLL (and its counsel) regarding matters relating to potential Challenges and the Deadline for doing so, and through those discussions the Parties have

conferred regarding extending the Deadline for commencing any Challenges and have negotiated and agreed to the Settlement Agreement in order to resolve the Trustee's Claims and any claims Taly may also have against the Debtors' estates as more fully provided below.

12. The Trustee maintains on behalf of the estate certain avoidance action rights and claims against Taly and SLL as part of the Challenges to be pursued (the "Avoidance Action Rights"). Taly and SLL have also asserted that they hold a claim against the Debtors' estates for substantial assistance arising from its assistance not only at the outset of the proceedings but also as part of the recent resolution with Citibank N.A. ("Citibank") in which Taly and SLL provided documents, information and testimony (the "Substantial Assistance Claims"). Taly and SLL have also filed general unsecured claims against the Debtors' estates designated as claim number 21 in National Event Holdings, LLC, claim number 11 in National Event Company II, LLC, and claim number 7 in the National Events Intermediate, LLC, National Event Company III, LLC, and the World Events Group LLC cases (collectively, "the "GUC Claims"). As provided above, Taly and SLL have also provided DIP financing to the Corporate Debtors' pursuant to the Final DIP Order and have a balance due and owing on that DIP claim inclusive of interest of approximately $300,000 (the "DIP Claim").

13. Over the course of the last several years, and while extending the Challenge Deadline, the Parties have engaged in informal discovery related to Avoidance Action Rights, the Substantial Assistance Claims, the DIP Claim and the GUC Claims, (all of which will be collectively referred to herein as the "Taly Claims").

14. After extensive negotiations and in person meetings between the Parties, a resolution was reached and the Parties have agreed to settle all of the Taly Claims.

**The Settlement Agreement**

15. The Parties have entered into the Settlement Agreement which among other things provides for the Settlement Payment (defined terms shall have the meaning set forth in the Settlement Agreement ). The material terms of the Settlement Agreement are:

(i) Taly and SLL jointly, and severally agree to pay, and the Trustee agrees to accept, the sum of $380,000 Three Hundred Eighty Thousand Dollars ($380,000.00) (the "Settlement Payment"), which sum shall be payable by the Trustee deducting the Settlement Payment from any amounts due and owing to Taly and SLL from the funds due to Taly and SLL under the Citibank Assignment from the proceeds received by the Trustee from Citibank.

(ii) Taly and SLL shall waive and release any and all rights and claims to the DIP Payment and the Substantial Assistance Claim, but shall retain the rights in the GUC Claims and agrees to the release of claims provided hereinbelow.

(iii) Mutual General Releases exchanged between the Parties, including the DIP Claim, 11 USC 502(h) and the Substantial Assistance Claim but excluding the GUC Claims.

(iv) Court Approval: The Settlement Agreement is subject to the entry of an order of this Court approving and authorizing the Trustee's entry into the Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019"). If the Court does not enter an Approval Order (as defined in the Settlement Agreement), the Settlement Agreement will be voidable at the option of either of the Settlement Parties.

(v) No Admission: The Settlement Parties agree that nothing in the Settlement Agreement shall constitute an admission of liability in any way including an admission as to any

factual or legal assertion that has been advanced or an admission concerning the scope of damages on behalf of any Party.

**RELIEF REQUESTED**

16. The Trustee on behalf of the Debtors and the estates requests that, pursuant to Rule 9019(a), the Court enter an order approving the Settlement Agreement, annexed hereto as **Exhibit B**.

**BASIS FOR RELIEF**

17. Bankruptcy Rule 9019 governs the approval of compromises and settlements, and provides in relevant part as follows

> On a motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indentured trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

18. Further, section 105(a) of the Bankruptcy Code permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). "As a general matter, settlements and compromises are favored in bankruptcy as they minimize costly litigation and further parties' interests in expediting the administration of the bankruptcy estate." *In re New Noodle 28 Inc.*, 2024 Bankr. LEXIS 2759, at *8 (Bankr. S.D.N.Y. Nov. 13, 2024) (Garrity, J.) (quoting *In re Dewey & LeBoeuf LLP*, 478 B.R. 627, 640 (Bankr. S.D.N.Y. 2012), quoting *In re MF Global, Inc.*, 2012 WL 3242533, at *5 (Bankr. S.D.N.Y Aug. 10, 2012)) (internal quotation marks and brackets omitted).

19. "A court cannot approve a proposed settlement unless it finds that it is fair and equitable, and in the best interests of the estate." Id. at *8-9 (citing In re Drexel Burnham Lambert Grp., Inc., 134 B.R. 493, 496 (Bankr. S.D.N.Y. 1991), citing Protective Comm. for Indep. S'holders of TMT Trailer Ferry Inc. v. Anderson, 390 U.S. 414, 424 (1968) ("TMT")); (additional citations omitted). "In assessing whether a settlement is fair and equitable, the court must apprise itself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate

success should the claim be litigated. Further, the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." Id. at *9 (quoting TMT, 390 U.S. at 424) (quotation marks and internal brackets omitted).

20. However, "[i]n making that determination, it is not necessary for the court to conduct a mini-trial of the facts or the merits underlying the dispute." Id. (quoting In re Adelphia Commc'ns Corp., 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005)) (internal quotation marks omitted); see also In re Soup Kitchen Int'l, Inc., 506 B.R. 29, 37 (Bankr. E.D.N.Y. 2014) ("It is not the court's task to determine whether the settlement proposed by the parties is the best possible, or fairest, or most appropriate resolution of the dispute.") (quoting O'Connell v. Packles (In re Hilsen), 404 B.R. 58, 70 (Bankr. E.D.N.Y. 2009)) (internal quotation marks omitted). "Rather, the court must only 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" Id. (quoting In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983)). "The decision whether to approve a compromise is within the discretion of the bankruptcy court." Id. at *9-10 (citing In re WorldCom, Inc., 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006)).

21. The factors that courts in the Second Circuit weigh in determining whether a proposed settlement is 'fair and equitable' [(the "<u>TMT Factors</u>")] are

> the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement; (4) whether other parties in interest support the settlement; (5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing the settlement; (6) the nature and breadth of releases to be obtained by officers and directors; and (7) the extent to which the settlement is the product of arm's length bargaining.

*Id.* at *10 (quoting *Iridium Operating*, 478 F.3d at 462, quoting *WorldCom*, 347 B.R. at

137) (internal brackets and quotation marks omitted)

22. Here the Settlement Agreement falls well within the "range of reasonableness," *id.* (quoting *W.T. Grant*, 699 F.2d at 608), and satisfies the *TMT* factors, for *at least* the following reasons.

**Balance Between the Litigation's Possibility of Success and the Settlement's Future Benefits**

23. The Trustee believes, in his business judgment, that the difference between the amount he could obtain from litigating the Taly Claims, and the amount Taly has agreed to pay pursuant to the Settlement Agreement, is relatively small, and that his probability of success in litigating this small difference is far from certain

24. Among the factors and litigation challenges the Trustee considered in reaching this conclusion are the following:

> The Trustee would need to successfully pursue avoidance action claims which may be subject to meritorious defenses including among other things Bankruptcy Code section 547(c). The factual disputes would likely compel a trial or evidentiary hearing on the merits as it would not be capable of summary judgment relief. This coupled with the increase in the sum due to Taly under the DIP Claim for example would only serve to erode the benefit to the estate and;
>
> Taly has filed proofs of claim seeking general unsecured claims recovery and also maintains a DIP Claim and a Substantial Assistance Claim. The litigation of its claim for Substantial Assistance would also be a fact sensitive matter and give rise to a contested proceeding and attendant delay. The priority of any such claim if confirmed by the Court would also erode and diminish the recovery to the unsecured creditors

25. For all of these reasons, and although the Trustee believes he has strong legal and factual responses to the items discussed above, the Trustee submits that even if he could potentially succeed in prosecuting the Taly Claims to a higher recovery than that obtained by the Settlement Agreement , he has determined in his business judgment that the benefits of entering into the Settlement Agreement outweigh the burdens and risks of litigating the Taly Claims further and avoiding the attendant risk, delay and cost.

**<u>Likelihood of Complex and Protracted Litigation</u>**

26. For the reasons discussed above, litigating these claims against Taly to their conclusion would be complex, fact sensitive and time consuming.

27. The Trustee and his counsel have been involved in extensive fact discovery and negotiations and discussions with Taly and its counsel for several years. The Trustee's recovery of the settlement sum negotiated here is significant and of course would be substantially delayed pending litigation of the fact intensive issues in this matter.

**<u>Paramount Interests of the Creditors and the Degree to which Creditors Either Do Not Object to or Affirmatively Support the Proposed Settlement</u>**

28. The Settlement Agreement is in the paramount interests of all the Debtors' creditors because it provides for an expeditious, efficient means of resolving the Taly Claims, which are in dispute and would be extremely difficult to litigate. The Settlement Agreement provides a prompt certain benefit in the form of significant funds for the estates and the corollary waiver of substantial priority and administrative claims which provides a direct benefit to the estate and the creditors.

**<u>Competency and Experience of Counsel, and Experience and Knowledge of the Bankruptcy Court Judge Reviewing the Settlement</u>**

29. The Settlement Parties were each represented by competent and sophisticated counsel with respect to negotiating the Settlement Agreement. This Court has heard all issues regarding the Debtors' bankruptcy cases since the Petition Dates 8 ½ years ago and is thus highly knowledgeable and experienced to review the Settlement Agreement.

**<u>Releases</u>**

30. The releases in the Settlement Agreement are negotiated to effectuate relief to both parties.

31. The Settlement Parties engaged in arm's length negotiations to bring this Settlement Agreement to fruition. The Trustee submits that the Settlement Parties' efforts have

culminated in a consensual agreement resolving the Taly Claims, as set forth in the Settlement Agreement, which he desires to implement pursuant to this Motion and annexed Settlement Agreement.

**Arm's Length Negotiations**

32. The Settlement Parties negotiated the material terms of the Settlement Agreement at a mediation at arm's length and after extensive discussions and negotiations.

**Conclusion**

33. The Trustee submits that the Settlement Agreement should be approved under Federal Rule of Bankruptcy Procedure 9019 and Bankruptcy Code Section 105 and requests that the Court enter the proposed order granting this Motion.

**WHEREFORE,** the Trustee respectfully requests that this Court enter the Proposed Order granting the Trustee's Motion and such other and further relief as this Court deems just and proper.

Dated: Jericho, New York
May 27, 2026

**RIMON P.C.**
Attorneys for Kenneth P. Silverman, Esq.,
Chapter 7 Trustee

By: */s/Ronald J Friedman*
Ronald J. Friedman
Partner
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300